AMERICAN GUT STRING MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20422. Promulgated April 16, 1930.

*John E. Hughes, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

SEAWELL: The one question presented under the present hearing in this proceeding is whether conditions existing in 1920 with respect to petitioner's invested capital and/or income are such as would bring it within the provisions of section 327 of the Revenue Act of 1918, and thus entitle it to whatever benefit might be afforded by a computation of its profits tax under the provisions of section 328 of· the same act. The contention most strongly urged upon us by the petitioner in support of its claim that special assessment should be

allowed is that under section 327 (a) of the Revenue Act of 1918, where the Commissioner is unable to determine the invested capital as provided in section 326, it is mandatory to give the taxpayer whatever relief may be afforded by a computation under section 328 of the same act. That is, if we understand the petitioner correctly, regardless of how small or trivial the amount of invested capital may be which is not determinable, special assessment would follow as a matter of course. We can not agree that such a result is intended or required by the statute. To carry petitioner's argument to its logical conclusion would almost certainly mean that the greater number of corporations which have been in existence for several years would be entitled to the benefit of the special assessment provisions, for the reason that it would be exceptional to find a corporation with such a complete system of accounting that everything of a capital nature, whether tangible or intangible, had been properly capitalized or could be determined with absolute accuracy. In the case at bar there were certain development expenses which were not capitalized, but the petitioner made no attempt to show what they amounted to. It was only on cross-examination that the maximum figure of $10,000 was suggested by Commissioner's counsel and petitioner's president said it was "considerably less than that." He further stated that they "were not making heavy expenditures for development work" and that the amount named "would cover it amply." In view of the foregoing and when the relief already granted by section 302 is considered, we are of the opinion that the application of the special assessment provisions is not shown to be required on account of the failure to capitalize the development expenses in question. Cf. *Ferdinand Buedingen Co.*, 13 B. T. A. 1065.

The further contention is advanced that an abnormality affecting both income and invested capital exists because of the use by the corporation of a patent which was not owned by the corporation and for the use of which the corporation did not pay royalties. Royalties as such were not paid by the corporation for the use of the patent, but when petitioner's president, who was the owner of the patent, was asked whether consideration was given to the use of his patent in fixing his salary of $15,000, his reply was, "Undoubtedly." We think it is established that the use of the patent by the corporation was a material aid in the production of income, but we are not satisfied that evidence has been produced which would enable us to say that an abnormality exists, either as to invested capital or income, on account thereof.

Reviewed by the Board.

*Judgment will be entered for the respondent.*